```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


THOMAS MATHERNE, SR. and              *      CIVIL ACTION
ANASTASIA MATHERNE

versus                                *      NO. 06-8120

ALLSTATE INSURANCE COMPANY, ET AL.    *      SECTION "F"
```

ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged the plaintiffs' home.  They filed claims under their homeowners policy, but Allstate refused to pay part of the claim.  They filed this suit in state court on August 28, 2006, naming as defendants the insurance company, Allstate, an insurance agent, the Liuzza Agency, Inc., and Allstate insurance adjusters Roger Thorton and Thoma Temple.

The plaintiffs assert that they are entitled to payment from Allstate for damages and losses to the property, including penalties under Louisiana law for bad-faith claims adjusting.  They assert claims against Liuzza Agency for failing to inform them of potential gaps in insurance coverage and for failing to procure adequate insurance.  They also assert claims against Thorton and Temple for bad faith claims adjusting and failure to disclose information that caused them further damage.

1

Allstate removed the case to this Court on October 26, 2006, invoking this Court's diversity jurisdiction. In its Notice of Removal, Allstate asserts that the amount-in-controversy requirement is met and that the parties are completely diverse because the in-state defendants, Liuzza Agency, Thorton, and Temple, were fraudulently joined. The plaintiffs now move to remand, contending that Allstate has not met its burden to prove that they have no possibility of recovery against the three in-state defendants. The plaintiffs argue that complete diversity is lacking, depriving this Court of jurisdiction to hear the case.

## Law and Analysis

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the plaintiffs assert that the Liuzza Agency gave bad advice and failed to procure the requested insurance coverage.  They further say that the local adjusters, Thorton and Temple, falsely advised them as to their covered damages and arbitrarily and improperly adjusted their claims.  In its Notice of Removal, Allstate contends that each local defendant was improperly joined. However, Allstate addresses only the alleged improper joinder of the Liuzza Agency in its opposition to the plaintiffs' motion to remand.  Even if the Court determined that Liuzza Agency was fraudulently joined, the presence of the other two local defendants defeats this Court's exercise of diversity jurisdiction.  Allstate's bare assertion in its Notice of Removal that there is generally no cause of action under Louisiana law against insurance adjusters oversimplifies the law and, in any event, falls short of discharging the heavy burden to show that the parties were improperly joined and removal was proper.

Because the Court finds that Allstate has not met its burden in proving that each local defendant improperly joined, the plaintiffs' motion to remand is GRANTED.  The case is hereby remanded to the 25th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, January 3, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4